UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAAG AUDIO, LLC

Plaintiff,

Case No. 20-cr-10444
Hon. Matthew F. Leitman

v.

EARBYTE, INC.,

Defendant.

______________________________________________________________________/

**ORDER (1) TERMINATING DEFENDANT'S OBJECTION TO ORDER OF MAGISTRATE JUDGE (ECF No. 36) AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (ECF No. 23) AS MOOT; (2) VACATING IN PART AS MOOT MAGISTRATE JUDGE'S ORDER (ECF No. 33); AND (3) SETTING SCHEDULE FOR PRELIMINARY DISCOVERY**

On October 1, 2020, Plaintiff MAAG Audio, LLC filed a motion to compel the production of certain documents identified in document requests that it had served on Defendant Earbyte, Inc. (*See* Mot. to Compel, ECF No. 20.) Around that same time, Earbyte filed a motion for a protective order. (*See* Mot. for Protective Order, ECF No. 23.) In that motion, Earbyte argued, among other things, that MAAG Audio could not compel two witness – Nikolay Momchev (a software developer) and Vladimir Dimitrov (a product designer) – "to appear for deposition via a mere notice" because neither of the men was a "managing agent" of Earbyte. (*See id.,* PageID.413.) The Court referred both motions to assigned Magistrate Judge. (*See* Orders, ECF No. 21, 24.)

The Magistrate Judge issued an order on the motions on November 19, 2020. (*See* Mag. Order, ECF No. 33.) She granted MAAG Audio's motion and denied Earbyte's motion. (*See id*.) In denying Earbyte's motion, the Magistrate Judge concluded that MAAG Audio had made a sufficient showing that Momchev and Dimitrov were managing agents of Earbyte and that MAAG Audio could thus compel their attendance at a deposition by issuing a notice.

Earbyte has now filed an objection to the Magistrate Judge's ruling on its motion for protective order. (*See* Objection, ECF No. 36.) In that objection, Earbyte argues that the Magistrate Judge erred when she concluded that MAAG Audio established that Momchev and Dimitrov were managing agents of Earbyte. (*See id.*) The Court held a video hearing on Earbyte's objection on February 1, 2021.

As explained on the record during the motion hearing, the Court concludes that the question of whether Momchev and Dimtrov are managing agents of Earbyte – such that their attendance at a deposition may be compelled by a notice – is best resolved on a more fully developed factual record. The Court therefore directs the parties to proceed in the manner set forth below:

- Within fourteen days of the date of this Order, MAAG Audio shall serve on Earbyte a set of document requests limited to the subject of Momchev and Dimitrov's relationship with Earbyte and/or whether Momchev and Dimitrov are managing agents of Earbyte. MAAG

Audio shall include with these discovery requests a proposed set of search terms.

- The parties shall meet and confer within seven days of the service of MAAG Audio's discovery requests and search terms in order to reach an agreement on search terms.
- Earbyte shall produce documents in response to MAAG Audio's document requests no later than 28 days after the parties reach an agreement on search terms.
- By no later than 30 days after Earbyte produces documents in response to MAAG Audio's document requests, MAAG audio shall serve on Earbyte a request for a deposition under Federal Rule of Civil Procedure 30(b)(6) and Earbyte shall make a corporate representative available to be deposed. This deposition shall be limited to the subject of Momchev and Dimitrov's relationship with Earbyte and/or whether Momchev and Dimitrov are managing agents of Earbyte. The Court will allow MAAG Audio to conduct a second Rule 30(b)(6) deposition addressing other issues in the case at a later point during discovery.
- Once the parties complete the Rule 30(b)(6) deposition described above, they shall contact the Court (via email to the Court's Case Manager, Holly Monda) and notify the Court that the deposition has

been concluded. The Court will then schedule and hold an on-the-record video status conference to discuss next steps in this action.

Given the procedure described above, the Court will **TERMINATE AS MOOT** Earbyte's motion for a protective order (ECF No. 23) and Earbyte's objection to the Magistrate Judges's November 19, 2020, order (ECF No. 36). It will also **VACATE AS MOOT** the portion of the Magistrate Judge's November 19, 2020, order denying Earbyte's motion for protective order (ECF No. 33).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764